NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MICHAEL WEST,

    *Plaintiff*,

v.

MARK ALI,

    *Defendant*.

Civil Action No. 21-13561

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Michael West seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff asserts Section 1983 claims[1] against Defendant Mark Ali, a New Jersey Superior Court judge.  Plaintiff appears to allege that Judge Ali is intentionally interfering with Plaintiff's due process rights because he is refusing to "establish an evidence based" scheduling order, and for appointing counsel and informing an attorney he was appointed to represent Plaintiff.  D.E. 1 at 1.  Plaintiff seeks monetary damages for Judge Ali's alleged constitutional violations.  *Id.*

In light of the allegations, the doctrine of judicial immunity applies in this matter.  The doctrine "is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."  *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000); *see also Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006))).  Therefore, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'"  *Figueroa*, 208 F.3d at 440 (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)).  Here, Plaintiff's claims arise from decisions that Judge Ali made in his capacity as a judge.  Plaintiff's claims, therefore, are barred by the doctrine of judicial immunity.

---

[1] 42 U.S.C. § 1983 provides a vehicle for vindicating violations of certain federal rights.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Accordingly, Plaintiff's Complaint is dismissed pursuant to § 1915(e)(2)(B) as Plaintiff seeks monetary relief from a defendant who is immune.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Yet, the Court notes that it has serious concerns that Plaintiff will be able to state a viable claim or claims in light the immunity mentioned above. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claims and provide plausible factual allegations demonstrating that he is not asserting claims against a party that is immune from suit.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 28th day of July, 2021,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Michael West's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.